This case turns upon the principles considered in Goodson v. Caldwell,post, 519. But the facts of the case being different, we are conducted to a different conclusion.
The petitioner was 45 years of age in May last. He had been exempted anterior to the passage of the law of 17 February, as a miller. After the passage of that act, viz., in the month of March, he was enrolled, and another exemption paper given, which, after the act of February repealing exemptions in such cases, could only operate as a furlough or detail. He was afterwards, viz., on 10 June, ordered into camp. He applied for a detail. This was refused. He was ordered into camp, and sued out this writ.
The enrollment and detail, which took place in March, about two months before he reached the age of 45, fixed his status as a soldier. He was properly enrolled in the body of regular troops, where the term of service for the war is prescribed by the acts of 1862.
The petitioner must be remanded to custody, and the costs be taxed against him.
See Kesler v. Brawley, ante, 402. *Page 279 
(434)